*E-Filed: July 15, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUNG K. SO,<br><br>        Plaintiff,<br><br>    v.<br><br>WOODLAND PROPERTY HOMEOWNERS ASSOCIATION, et al.,<br><br>        Defendants. | Case No.   15-cv-01703-HRL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**<br><br>Re: Dkt. No. 9 |

Yung K. So, proceeding pro se, sues Woodland Property Homeowners Association and UNC Community Management for claims arising from water damage to the property located at 1235 Whitfield Court, San Jose, California 95131. Presently before the Court is Defendants' motion to dismiss the complaint. All parties have expressly consented to having all matters proceed before a magistrate judge. A hearing was held on July 14, 2015. Based on the moving and responding papers, as well as the arguments presented at the hearing, the Court grants the motion to dismiss.

**BACKGROUND**

Plaintiff Yung K. So is the owner of a unit located at 1235 Whitfield Court, San Jose, California 95131, within the Woodlands Property Owners Association development. UNC

Community Management is the management company for Woodlands Property Owners Association. Plaintiff alleges that because of a construction issue relating to the roof and gutter of the property, the property sustained water damage. Plaintiff asserts that Defendants did not compensate him for the necessary repairs to the property. According to the complaint, Plaintiff filed this action through a power of attorney on behalf of his mentally ill brother, who presumably resides in the unit. Although unclear, the complaint appears to allege that Defendants' failure to make repairs to the unit amounted to disability discrimination.

In April 2015, Plaintiff brought suit against Woodlands Property Owners Association and UNC Community Management. The complaint asserts: (1) disability discrimination, in violation of the Fair Housing Act, 42 U.S.C. § 3604; (2) disability discrimination, in violation of the California Government Code; (3) denial of full and equal access to housing accommodations, in violation of the Unruh Act, Cal. Civ. Code § 51 *et seq.*; (4) negligence; and (5) breach of the warranty of habitability. Presently before the Court is Defendants' motion to dismiss the complaint. Dkt. No. 9. Plaintiff filed two oppositions, and Defendants filed a reply. Dkt. Nos. 24, 26, 32.

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id*. (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id*. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is

not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

## DISCUSSION

### I. CLAIM FOR DISABILITY DISCRIMINATION UNDER 42 U.S.C. § 3604

Plaintiff's disability discrimination claim is barred by the applicable statute of limitations. Under 42 U.S.C. § 3613(a)(1)(A), "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach."

Plaintiff alleges that on November 8, 2003, he contacted Woodland Property Owners informing them that the "gutters and roof at 1235 Whitfield Ct., San Jose, CA 95131 was leaking water into the house." Compl. ¶ 13. Plaintiff contacted Woodland Property Owners again around March 2004, "informing them that the gutters and roof at 1235 Whitfield Ct. San Jose, Ca 95131 were still leaking" and "that the leaking water is causing damage to the interior walls and window frames." *Id*. ¶ 14. In December 2004, Plaintiff "contacted defendant Woodland Property Owners Association . . . again informing them that the gutters and roof at 1235 Whitfield Ct. San Jose, Ca 95131 were still leaking" and informed Defendant about the damage to "the interior walls and window frames." *Id*. ¶ 15. In January 2011, Plaintiff "faxed to defendant Woodland Property Owners Association an estimate from AA Handyman builders Network INC to repair the leaking gutter, tear out sections of the interior walls, tear out carpet and padding, and remove/replace mold and fungus infested carpet in various locations." *Id*. ¶ 16. Plaintiff also contacted Woodland Property Owners throughout 2011 to 2013. *Id.* ¶ 17. These allegations reveal that Plaintiff notified

3

Woodland Property Owners of the water leak beginning in 2003. Thus, Defendants' alleged failure to repair the water leak began in 2003. This action was not filed until April 2015, and it is therefore barred by the applicable statute of limitations.

Plaintiff argues that his claims "arise through a perpetual water leak in the walls of the home in question, with defendant['s] full knowledge. It took years for this leak to reveal it's [sic] damage, i.e. mold and mildew." Opp. at 2. Plaintiff "did not become aware of the resulting mold and mildew until 2013–2014." *Id.*

To the extent Plaintiff is attempting to argue that the general federal rule or California's delayed discovery rule tolls the limitation period, this argument fails. Under the general federal rule, the limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the cause of action. *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009). In California, "under the delayed discovery rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action. In that case, the statute of limitations for that cause of action will be tolled until such time as a reasonable investigation would have revealed its factual basis." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 803 (2005).

Neither the general federal rule nor California's delayed discovery rule applies here. As explained above, Plaintiff's allegations reveal that he notified Woodland Property Owners about the water leak beginning in 2003, and notified Defendant of the damage caused by the water leak in 2004 and again in 2011. In 2011, Plaintiff specifically mentioned the mold and fungus caused by the water leak. Compl. ¶ 16. That Plaintiff continued to contact Defendant about the increasing damage caused by the water leak does not toll the statute of limitations. Plaintiff was

4

aware of the damage caused by the water leak as soon as 2004, and no later than 2011.

Accordingly, Plaintiff's disability discrimination claim is barred by the applicable statute of limitations.

## II. REMAINING CLAIMS

Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367. "With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009) (citations omitted).

Here, Plaintiff's claim for disability discrimination under 42 U.S.C. § 3604 is being dismissed. No other federal claims remain. Therefore, the Court declines to exercise supplemental jurisdiction over the remaining claims.

## III. LEAVE TO AMEND

When amendment would be futile, a district court may dismiss a complaint without leave to amend. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Here, it is clear from Plaintiff's complaint that he was aware of the water leak in 2003, and he was aware of the damage caused by the water leak as soon as 2004, and no later than 2011. The court finds that amendment to the complaint would be futile. Accordingly, the court declines to grant leave to amend.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted. Plaintiff's complaint is dismissed. Because Plaintiff's state law claims are dismissed without prejudice,

Plaintiff may bring the state law claims in state court.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 15, 2015

```
                                          _____
                                          HOWARD R. LLOYD
                                          United States Magistrate Judge
```